BRYAN SCHRODER
United States Attorney

ADAM ALEXANDER
Assistant United States Attorney
Federal Building & U.S. Courthouse
222 West 7th Avenue, Room 253
Anchorage, Alaska 99513-7567
Phone: (907) 271-5071
Fax: (907) 271-1500
Email: adam.alexander@usdoj.gov

Attorneys for Plaintiff

## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>ALLYSIA SANH THAMPITHAK,<br><br>Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | No. 3:20-mj-00374-DMS<br><br>**PLEA AGREEMENT** |

> **Unless the parties jointly inform the Court in writing of any additional agreements, this document in its entirety contains the terms of the plea agreement between the defendant and the United States. This agreement is limited to the District of Alaska; it does not bind other federal, state, or local prosecuting authorities.**

## I. SUMMARY OF AGREEMENT, FEDERAL RULE OF CRIMINAL PROCEDURE 11

### A. Summary of Agreement

The defendant agrees to plead guilty to the following count(s) of the Information in this case: Count: 1 - Aiding or Advising False Income Tax Return, in violation of 26 U.S.C. § 7206(2). The United States agrees to recommend a sentence at the low end of the advisory guideline range as calculated by the Court. The United States agrees not to prosecute the defendant further for any other offense related to the events that resulted in the charge contained in the Criminal Complaint. As more fully set forth below, the United States agrees to recommend a variance in this case based upon the defendant's prompt acceptance of responsibility and agreement to be sentenced consistent with the deadlines set forth below.

The defendant will waive all rights to appeal the conviction and sentence imposed under this agreement. The defendant will also waive all rights to collaterally attack the conviction and sentence, except on the grounds of ineffective assistance of counsel or the voluntariness of the plea.

### B. Federal Rule of Criminal Procedure 11

Unless the parties otherwise inform the Court in writing, Federal Rule of Criminal Procedure 11(c)(1)(A) and (B) will control this plea agreement. Thus, the defendant may not withdraw from this agreement or the guilty plea(s) if the Court rejects the parties' sentencing recommendations at the sentencing hearing.

U.S. v. Allysia Sanh Thampithak
3:20-mj-00374-DMS                                    Page 2 of 25
Case 3:20-cr-00091-SLG   Document 20   Filed 09/29/20   Page 2 of 25

## II. CHARGES, ELEMENTS, FACTUAL BASIS, STATUTORY PENALTIES AND OTHER MATTERS AFFECTING SENTENCE

### A. Charges

1. **The defendant agrees to plead guilty to the following count(s) of the Information:**

Count 1: Aiding or Advising False Income Tax Return, a violation of 26 U.S.C. § 7206(2)

### B. Elements

The elements of the charge(s) in Count 1 to which the defendant is pleading guilty are as follows:

1. First, the defendant aided, assisted, advised, procured, counseled the following persons in the preparation, presentation of an income tax returns that were false and fraudulent;

| FILING OF or ON OR ABOUT | TAXPAYER | CALENDAR TAX YEAR | FALSELY CLAIMED ITEM | APPROXIMATE AMOUNT FALSELY CLAIMED |
|---|---|---|---|---|
| January 29, 2018 | P.L. | 2017 | Line 53, Residential Energy Credits | $4,954 |
| February 2, 2017 | P.L. | 2016 | Line 29, Total Itemized Deductions | $30,227 |
| February 20, 2018 | R.V. and E.V. | 2017 | Line 53, Residential Energy Credits | $4,500 |
| February 15, 2017 | R.V. and E.V. | 2016 | Line 29, Total Itemized Deductions | $14,090 |
| April 2, 2016 | R.B. and T.B. | 2015 | Line 29, Total Itemized Deductions | $36,794 |
| February 10, 2016 | M.H. | 2015 | Line 29, Total Itemized Deductions | $24,482 |
| May 23, 2016 | B.K. | 2015 | Line 29, Total Itemized Deductions | $23,907 |
| March 31, 2017 | S.V. | 2016 | Line 29, Total Itemized Deductions | $30,744 |
| January 31, 2016 | C.D. | 2015 | Line 29, Total Itemized Deductions | $16,175 |
| February 1, 2016 | B.D. | 2015 | Line 29, Total Itemized Deductions | $22,498 |
| February 4, 2017 | R.T. | 2016 | Line 29, Total Itemized Deductions | $14,526 |
| January 30, 2017 | R.S. | 2016 | Line 29, Total Itemized Deductions | $20,248 |
| February 25, 2018 | V.L. | 2017 | Line 53, Residential Energy Credits | $4,000 |

**2.** Second, the income tax return was false and fraudulent as to any material matter necessary to a determination of whether income tax was owed; and

**3.** Third, the defendant acted willfully.

The government is not required to prove that the taxpayers knew that the return was false. A false statement need not have actually influenced the agency, and the agency need not rely on the information in fact for it to be material. A matter is material if it had a natural tendency to influence, or was capable of influencing, the decisions or activities of the Internal Revenue Service.

## C. Factual Basis

The defendant admits the truth of the allegations in Count 1 of the Information and the truth of the following statement, and the parties stipulate that the Court may rely upon this statement to support the factual basis for the guilty plea(s) and for the imposition of the sentence:

Thampithak is a United States citizen who was born in Laos. Many of her clients were also Laotian. Most of her clients were not fluent in English. Thampithak prepared individual income tax returns for clients at her residence Thampithak stated that Stephanie Hayes (Hayes) also prepared income tax returns at Thampithak's residence, but had her own clients.

An undercover operation was conducted at Thampithak's residence on March 1, 2018. As the result of that operation, a return that fraudulently claimed a $2,500

residential energy credit was prepared by Thampithak and filed. A search warrant was executed at Thampithak's residence on April 3, 2018.

During the search, client lists, client folders and various electronic devices were seized, and Thampithak was interviewed by Special Agents with IRS Criminal Investigations (IRS CI). Thampithak admitted that she had been preparing individual income tax returns for others for compensation since 2016. She stated that she began her business by charging $150 for each return prepared; by 2018 she was charging $200 for each return. Thampithak filed no personal income tax returns for herself for 2016 through 2018.

During her interview, Thampithak was confronted with the fact that there was videotaped evidence of her preparing a fraudulent return for an undercover agent. In response, Thampithak admitted that she placed false items on some of her clients' returns so that they might claim larger refunds. She acknowledged that she did this about half of the time. Thampithak also acknowledged she understood that, if false information was intentionally entered on an income tax return, the individual committing the fraud could be fined or imprisoned.

Thampithak received no training to be a tax return preparer, although she claimed to have some accounting knowledge as the result of a medical office technology program she attended. She had never worked at a tax preparation service. Thampithak never graduated from high school, but told one client that she had attended school to become a lawyer. Contrary to her actual education and experience, Thampithak told a number of her clients that she had worked at H&R Block and/or Liberty Tax. She told one client

that H&R Block preparers were not allowed to assist taxpayers in obtaining their maximum refunds and that, since she no longer worked for H&R Block, she could help taxpayers obtain a larger refund.

In 2017, Thampithak obtained a Preparer Tax Identification Number (PTIN). She stated that she had not used the PTIN on returns she prepared because she did not know how to input the information using her chosen software, FreeTaxUSA.com. None of the thirteen charged incidents identify a return preparer. Thampithak understood that use of the PTIN was needed by the IRS so that it would be able to determine who had prepared a tax return. IRS records demonstrate that all of the returns were filed, and Thampithak's clients identified her as the individual who completed the preparation of their tax returns. Thampithak admitted that she prepared one of the returns.

The names of all but three of the taxpayers in whose names the thirteen returns were filed were found in (a) a file located on a computer and/or (b) a client list, both of which were seized during the search of Thampithak's residence. In addition, each year's returns were filed from the same Internet Protocol (IP) address and, in some cases, using the same computer. The following chart summarizes the IP addresses used and device identification for each of the thirteen incidents identified above.

U.S. v. Allysia Sanh Thampithak
3:20-mj-00374-DMS                    Page 6 of 25
Case 3:20-cr-00091-SLG   Document 20   Filed 09/29/20   Page 6 of 25

| Tax Year | IP Address | Device Id | TaxPayer |
| --- | --- | --- | --- |
| 2015 | 24.237.213.104 | DD465FC51216AB78079C866057833CE92405E45B | B.D. |
| " | " | " | C.D |
| " | " | A0F70658E57BEE6048804E03D158F3F7C49EBFB8 | M.H. |
| " | " | 239E6D9895E9C0895F309E0CE621AFE135B2C1E6 | R.B. and T.B. |
| " | " | 6B4DA038BB9FC6309E5D23DBB1486177D69A5A9E | B.K. |

| Tax Year | IP Address | Device Id | TaxPayer |
| --- | --- | --- | --- |
| 2016 | 66.223.220.90 | B2B6F50F89D34EF33164EB2B53E0EF94BDB57C0D | P.L. |
| " | " | " | R.M. |
| " | " | " | R.T. |
| " | " | 153C1DEAC40CDE119250CBB4E2FAF29D6798B6C2 | S.V. |
| " | " | 640553A310604B392AE479F94821A6069C27E6FC | R.V. and E.V. |

| Tax Year | IP Address | Device Id | TaxPayer |
| --- | --- | --- | --- |
| 2017 | 24.237.198.110 | 3AA26D12EE4F8FE63859D4A0A3AAD548239DA994 | R.V. and E.V. |
| " | " | " | V.L. |
| " | " | 83F4F684EDCA9BB0F7E1826E33A1C89D0FA85697 | P.L. |

Each of those thirteen returns contained at least one fraudulent item willfully drafted by Thampithak, and the taxpayers in whose names those returns were filed have verified the false and fraudulent nature of various items claimed on their returns. All of the returns except three fraudulently claimed residential energy credits or an inflated amount of such credits. All of the returns except two fraudulently claimed the payment of state and/or local taxes. Other fraudulently claimed deductions included false or inflated medical and dental expenses, personal property taxes, gifts to charity and employee business expenses. When interviewed, Thampithak stated that she reviewed the tax returns with her clients to make sure that they understood their returns, when in fact and in truth Thampithak did not review their returns with them or explain the information set forth on the returns.

In 2018, Thampithak prepared at least an additional 89 tax returns for clients that fraudulently claimed residential energy credits for amounts carried forward from 2016 to

U.S. v. Allysia Sanh Thampithak
3:20-mj-00374-DMS                    Page 7 of 25
Case 3:20-cr-00091-SLG   Document 20   Filed 09/29/20   Page 7 of 25

the clients' 2017 Form 1040, U.S. Individual Income Tax Returns, when in fact and in truth no such claimable credits existed.

Thampithak also stated that the information set forth on the returns came from her clients, when in fact and in truth Thampithak was the source of the fraudulent information on the returns, not her clients.

Using the specific items method of proof, the investigation has determined and Thampithak stipulates that she prepared at least thirteen fraudulent income tax returns and engaged in additional relevant conduct to aid in and to prepare an additional eighty-nine tax returns that were false as to a material matter with a combined intended tax loss to the IRS of $311,041.

### D. Statutory Penalties and Other Matters Affecting Sentence

#### 1. Statutory Penalties

The maximum statutory penalties applicable to the charges to which the defendant is pleading guilty, based on the facts to which the defendant will admit in support of the guilty plea, are as follows:

Count 1: 26 U.S.C. § 7206(2) (Aiding or Advising False Income Tax Return)

1) Three years' incarceration;

2) A fine of up to $100,000; and

3) Up to three years supervised release. .

U.S. v. Allysia Sanh Thampithak
3:20-mj-00374-DMS Page 8 of 25
Case 3:20-cr-00091-SLG Document 20 Filed 09/29/20 Page 8 of 25

### 2. Other Matters Affecting Sentence

#### a. Conditions Affecting the Defendant's Sentence

The following conditions may also apply and affect the defendant's sentence: 1) pursuant to Comment 7 of U.S.S.G. § 5E1.2, the Court may impose an additional fine to pay the costs to the government of any imprisonment and supervised release term; 2) pursuant to 18 U.S.C.§ 3612(f), unless otherwise ordered, if the Court imposes a fine of more than $2,500, interest will be charged on the balance not paid within 15 days after the judgment date; 3) upon violating any condition of supervised release, a further term of imprisonment equal to the period of the supervised release may be imposed, with no credit for the time already spent on supervised release; 4) the Court may order the defendant to pay restitution pursuant to the 18 U.S.C. § 3663 and U.S.S.G. § 5E1.1, and if 18 U.S.C. § 3663A (mandatory restitution for certain crimes) applies, the Court shall order the defendant to pay restitution.

#### b. Payment of Special Assessment

The defendant agrees to pay the entire special assessment in this case on the day the Court imposes the sentence. All payments will be by check or money order, and are to be delivered to the Clerk of Court, United States District Court, 222 W. 7th Ave. Box 4, Rm. 229, Anchorage, AK 99513-7564.

#### c. Consequences of Felony Conviction

Any person convicted of a federal felony offense may lose or be denied federal benefits including any grants, loans, licenses, food stamps, welfare or other forms of public assistance, as well as the right to own or possess any firearms, the right to vote, the

U.S. v. Allysia Sanh Thampithak
3:20-mj-00374-DMS                    Page 9 of 25
Case 3:20-cr-00091-SLG   Document 20   Filed 09/29/20   Page 9 of 25

right to hold public office, and the right to sit on a jury. If applicable, any defendant who is not a United States citizen may be subject to deportation from the United States following conviction for a criminal offense, be denied citizenship, and not permitted to return to the United States unless the defendant specifically receives the prior approval of the United States Attorney General. In some circumstances, upon conviction for a criminal offense, any defendant who is a naturalized United States citizen may suffer adverse immigration consequences, including but not limited to possible denaturalization.

### E. Restitution

There is currently no identifiable restitution owed for the offense(s) of conviction. The Court will have sole discretion ultimately to determine if the defendant has liability for any restitution.

1. Defendant agrees to pay restitution to the Internal Revenue Service (IRS) in the total amount of $306,063, pursuant to 18 U.S.C. § 3663(a)(3).

2. Defendant agrees that the total amount of restitution reflected in this agreement results from Defendant's fraudulent conduct.

3. The total amount of restitution consists of the following:

| Tax Year | Form | Taxpayer(s) | Primary SSN | Loss Amount | Interest | Total |
|---|---|---|---|---|---|---|
| 2015 | 1040 | R.B. and T.B. | 574587829 | $  6,020 | | $  6,020 |
| 2015 | 1040 | M.H. | 625342549 | 2,613 | | 2,613 |
| 2015 | 1040 | B.K. | 487840877 | 5,125 | | 5,125 |
| 2015 | 1040 | C.D. | 260339025 | 2,580 | | 2,580 |
| 2015 | 1040 | B.D. | 574613414 | 3,758 | | 3,758 |
| 2016 | 1040 | P.L. | 270765033 | 3,585 | | 3,585 |
| 2016 | 1040 | R.V. and E.V. | 574614697 | 1,550 | | 1,550 |
| 2016 | 1040 | S.V. | 574667671 | 6,869 | | 6,869 |
| 2016 | 1040 | R.T. | 574113655 | 2,002 | | 2,002 |

U.S. v. Allysia Sanh Thampithak
3:20-mj-00374-DMS

| Tax Year | Form | Taxpayer(s) | Primary SSN | Loss Amount | Interest | Total |
|---|---|---|---|---|---|---|
| 2017 | 1040 | P.L. | 270765033 | 4,954 | | 4,954 |
| 2017 | 1040 | R.V. and E.V. | 574614697 | 4,500 | | 4,500 |
| 2017 | 1040 | V.L. | 470115489 | 4,000 | | 4,000 |
| 2017 | 1040 | A.I. | 884287057 | 700 | | 700 |
| 2017 | 1040 | A.G. | 605794148 | 2,500 | | 2,500 |
| 2017 | 1040 | A.J. | 574988848 | 2,000 | | 2,000 |
| 2017 | 1040 | A.V. | 574614870 | 2,000 | | 2,000 |
| 2017 | 1040 | A.P. and S.P. | 574438112 | 2,836 | | 2,836 |
| 2017 | 1040 | A.H. | 485983899 | 4,698 | | 4,698 |
| 2017 | 1040 | A.M. and A.M. | 574555257 | 2,000 | | 2,000 |
| 2017 | 1040 | A.R. | 356694288 | 2,000 | | 2,000 |
| 2017 | 1040 | A.J. and V.P. | 574470902 | 3,680 | | 3,680 |
| 2017 | 1040 | A.B. | 616742211 | 2,000 | | 2,000 |
| 2017 | 1040 | B.K. | 617307543 | 1,206 | | 1,206 |
| 2017 | 1040 | B.S. | 618300408 | 6,745 | | 6,745 |
| 2017 | 1040 | B.O. | 564632804 | 2,178 | | 2,178 |
| 2017 | 1040 | B.K. | 487840877 | 3,000 | | 3,000 |
| 2017 | 1040 | C.P. | 574611317 | 2,164 | | 2,164 |
| 2017 | 1040 | C.S. | 559915827 | 2,000 | | 2,000 |
| 2017 | 1040 | C.D. | 260339025 | 3,836 | | 3,836 |
| 2017 | 1040 | C.L. | 470115324 | 1,728 | | 1,728 |
| 2017 | 1040 | C.S. | 606386201 | 1,088 | | 1,088 |
| 2017 | 1040 | C.C. | 536884722 | 1,500 | | 1,500 |
| 2017 | 1040 | C.L. and L.L. | 859622583 | 6,804 | | 6,804 |
| 2017 | 1040 | D.S. | 538376369 | 4,031 | | 4,031 |
| 2017 | 1040 | D.V. | 574358464 | 2,000 | | 2,000 |
| 2017 | 1040 | D.N. | 531887610 | 1,506 | | 1,506 |
| 2017 | 1040 | E.R. and A.R. | 574573103 | 3,000 | | 3,000 |
| 2017 | 1040 | E.A. and F.A. | 574597663 | 3,594 | | 3,594 |
| 2017 | 1040 | F.A. | 201157745 | 4,420 | | 4,420 |
| 2017 | 1040 | F.C. | 574356200 | 2,000 | | 2,000 |
| 2017 | 1040 | G.N. and G.N. | 574611907 | 3,784 | | 3,784 |
| 2017 | 1040 | H.D. and M.Y. | 624880536 | 5,000 | | 5,000 |
| 2017 | 1040 | I.S. | 574471178 | 8,783 | | 8,783 |
| 2017 | 1040 | I.G. | 731077564 | 1,000 | | 1,000 |
| 2017 | 1040 | I.V. | 574614705 | 1,000 | | 1,000 |
| 2017 | 1040 | I.B. | 574596554 | 2,000 | | 2,000 |
| 2017 | 1040 | I.V. | 574614700 | 2,000 | | 2,000 |
| 2017 | 1040 | I.V. | 574614699 | 1,000 | | 1,000 |
| 2017 | 1040 | J.V. | 574984295 | 2,024 | | 2,024 |

U.S. v. Allysia Sanh Thampithak
3:20-mj-00374-DMS          Page 11 of 25
Case 3:20-cr-00091-SLG   Document 20   Filed 09/29/20   Page 11 of 25

| Tax Year | Form | Taxpayer(s) | Primary SSN | Loss Amount | Interest | Total |
|---|---|---|---|---|---|---|
| 2017 | 1040 | J.P. | 574573094 | 3,000 | | 3,000 |
| 2017 | 1040 | J.A. II | 730285590 | 2,000 | | 2,000 |
| 2017 | 1040 | J.M. | 574559902 | 3,153 | | 3,153 |
| 2017 | 1040 | J.G. | 574513331 | 1,930 | | 1,930 |
| 2017 | 1040 | K.V. | 618368072 | 3,086 | | 3,086 |
| 2017 | 1040 | K.V. | 379870302 | 2,000 | | 2,000 |
| 2017 | 1040 | K.S. | 342708487 | 4,000 | | 4,000 |
| 2017 | 1040 | L.S. | 519029220 | 1,000 | | 1,000 |
| 2017 | 1040 | L.D. | 574082516 | 2,500 | | 2,500 |
| 2017 | 1040 | L.N. | 600590457 | 2,000 | | 2,000 |
| 2017 | 1040 | M.S. | 196611941 | 3,730 | | 3,730 |
| 2017 | 1040 | M.A. and J.A. | 574398594 | 6,211 | | 6,211 |
| 2017 | 1040 | M.W. | 224635971 | 4,900 | | 4,900 |
| 2017 | 1040 | M.M. and L.M. | 186023688 | 3,496 | | 3,496 |
| 2017 | 1040 | NFN L. | 450513644 | 3,471 | | 3,471 |
| 2017 | 1040 | N.L. and M.L. | 574573137 | 1,843 | | 1,843 |
| 2017 | 1040 | N.M. | 606388515 | 3,626 | | 3,626 |
| 2017 | 1040 | N.M. | 586163472 | 3,199 | | 3,199 |
| 2017 | 1040 | P.P. | 576878636 | 3,198 | | 3,198 |
| 2017 | 1040 | P.H. and M.H. | 574576293 | 450 | | 450 |
| 2017 | 1040 | P.S. | 539940865 | 3,813 | | 3,813 |
| 2017 | 1040 | P.N. | 442784599 | 2,103 | | 2,103 |
| 2017 | 1040 | P.K. | 245899288 | 2,404 | | 2,404 |
| 2017 | 1040 | P.T. | 037627667 | 1,208 | | 1,208 |
| 2017 | 1040 | P.M. | 340940698 | 2,423 | | 2,423 |
| 2017 | 1040 | R.C. | 574511820 | 4,240 | | 4,240 |
| 2017 | 1040 | R.B. | 574572314 | 3,123 | | 3,123 |
| 2017 | 1040 | R.N. | 214314294 | 3,175 | | 3,175 |
| 2017 | 1040 | R.B. | 574551834 | 3,000 | | 3,000 |
| 2017 | 1040 | R.B. | 836575456 | 4,691 | | 4,691 |
| 2017 | 1040 | R.V. and G.V. | 622223139 | 4,000 | | 4,000 |
| 2017 | 1040 | R.Y. and C.Y. | 574392004 | 4,494 | | 4,494 |
| 2017 | 1040 | R.R. | 603874234 | 1,000 | | 1,000 |
| 2017 | 1040 | R.C. | 574371472 | 1,033 | | 1,033 |
| 2017 | 1040 | R.A. | 574517552 | 5,006 | | 5,006 |
| 2017 | 1040 | R.S. | 574786629 | 3,600 | | 3,600 |
| 2017 | 1040 | S.L. | 570598769 | 3,438 | | 3,438 |
| 2017 | 1040 | S.Q. and A.Q. | 849587859 | 4,000 | | 4,000 |
| 2017 | 1040 | S.S. | 585539450 | 1,099 | | 1,099 |
| 2017 | 1040 | S.V. and V.V. | 519029204 | 1,000 | | 1,000 |

| Tax Year | Form | Taxpayer(s) | Primary SSN | Loss Amount | Interest | Total |
|---|---|---|---|---|---|---|
| 2017 | 1040 | S.V. | 411494427 | 1,228 | | 1,228 |
| 2017 | 1040 | S.T. and B.T. | 548998696 | 1,273 | | 1,273 |
| 2017 | 1040 | S.K. | 555976892 | 8,158 | | 8,158 |
| 2017 | 1040 | T.K. | 508259376 | 4,345 | | 4,345 |
| 2017 | 1040 | T.V. | 167136452 | 1,258 | | 1,258 |
| 2017 | 1040 | T.V. | 609844705 | 1,123 | | 1,123 |
| 2017 | 1040 | T.T. | 276761276 | 3,000 | | 3,000 |
| 2017 | 1040 | U.P. | 255759296 | 3,723 | | 3,723 |
| 2017 | 1040 | V.P. | 574088249 | 1,759 | | 1,759 |
| 2017 | 1040 | V.R. | 574512580 | 2,629 | | 2,629 |
| 2017 | 1040 | V.K. | 623187417 | 3,063 | | 3,063 |
| 2017 | 1040 | Z.P. and A.P. | 836017618 | 5,500 | | 5,500 |
| | | | Total | $ 306,063 | | 306,063 |

4. Defendant agrees to pay Title 26 interest on the restitution amount; interest runs from the last day prescribed payment of the relevant tax liability until the IRS receives payment in full. The government will provide an updated interest figure at sentencing.

5. Defendant agrees that restitution is due and payable immediately after the judgment is entered and is subject to immediate enforcement, in full, by the United States. If the Court imposes a schedule of payments, Defendant agrees that the schedule of payments is a schedule of the minimum payment due, and that the payment schedule does not prohibit or limit the methods by which the United States may immediately enforce the judgment in full. The IRS will use the amount of restitution ordered as the basis for a civil assessment under 26 U.S.C. § 6201(a)(4). Defendant does not have the right to challenge the amount of this restitution-based assessment. See 26

U.S. v. Allysia Sanh Thampithak
3:20-mj-00374-DMS                    Page 13 of 25
Case 3:20-cr-00091-SLG   Document 20   Filed 09/29/20   Page 13 of 25

U.S.C. § 6201(a)(4)(C). Neither the existence of a restitution payment schedule nor Defendant's timely payment of restitution according to that schedule will preclude the IRS from immediately collecting the full amount of the restitution-based assessment.

6.  Defendant is entitled to receive credit for restitution paid pursuant to this plea agreement against those assessed civil tax liabilities due and owing for the same periods for which restitution was ordered. Defendant understands and agrees that the plea agreement does not resolve the Defendant's civil tax liabilities, that the IRS may seek additional taxes, interest and penalties from Defendant relating to the conduct covered by this plea agreement and for conduct relating to another time period, and that satisfaction of the restitution debt does not settle, satisfy, or compromise Defendant's obligation to pay any remaining civil tax liability. Defendant authorizes release of information to the IRS for purposes of making the civil tax and restitution-based assessments.

7.  Defendant understands that she is not entitled to credit with the IRS for any payment until the payment is received by the IRS.

8.  If full payment cannot be made immediately, Defendant agrees to make a complete and accurate financial disclosure to the IRS on forms prescribed by the IRS (including, but not limited to, IRS Form 433-A and Form 433-B, as appropriate), and to disclose to the IRS any and all additional financial information and financial statements provided to the probation office.

U.S. v. Allysia Sanh Thampithak
3:20-mj-00374-DMS                    Page 14 of 25
Case 3:20-cr-00091-SLG   Document 20   Filed 09/29/20   Page 14 of 25

Defendant also agrees to provide the above-described information to the probation office.

9. If defendant makes a payment of the restitution agreed to in paragraph 3 prior to sentencing, the payment will be applied as a credit against the restitution ordered pursuant to paragraph 3.

## III. ADVISORY UNITED STATES SENTENCING GUIDELINES, GUIDELINE APPLICATION AGREEMENTS, SENTENCING RECOMMENDATIONS

### A. Advisory United States Sentencing Guidelines

The Court must consult the advisory United States Sentencing Commission Guidelines [U.S.S.G.] as well as the factors set forth in 18 U.S.C. § 3553(a) when considering the sentence to impose. The U.S.S.G. do not establish the statutory maximum or minimum sentence applicable to the offense(s) to which the defendant is pleading guilty. The U.S.S.G. are not mandatory and the Court is not bound to impose a sentence recommended by the U.S.S.G.

### B. Guideline Application Agreements

The parties have no agreements on any guideline applications unless set forth below in this section.

#### 1. Acceptance of Responsibility

If the United States concludes that the defendant has satisfied the criteria set out in U.S.S.G. § 3E1.1 and the applicable application notes, the United States agrees to recommend the defendant for a two level downward adjustment for acceptance of

responsibility and, if U.S.S.G. § 3E1.1(b) applies, to move for the additional one level adjustment for acceptance of responsibility. If, at any time prior to imposition of the sentence, the United States concludes that the defendant has failed to fully satisfy the criteria set out in U.S.S.G. § 3E1.1, or has acted in a manner inconsistent with acceptance of responsibility, the United States will not make or, if already made, will withdraw this recommendation and motion.

### 2. Agreement to Prompt Plea and Disposition during COVID-19

Because the defendant in this matter has filed a notice of intent to change plea on or before October 2, 2020, and has agreed to be sentenced prior to December 31, 2020, the United States submits that a variance in this matter is appropriate based upon the defendant's prompt acceptance of responsibility and her agreement to be sentenced by video or teleconference, pursuant to Section 15002 of the CARES Act, H.R. 748 (March 27, 2020).

Accordingly, the United States agrees to recommend a two-level variance from the advisory guideline range as calculated and adopted by the court if the defendant does in fact file a notice of intent to change her plea prior to October 2, 2020, and is in fact sentenced prior to December 31, 2020.

### C. Sentencing Recommendations

The United States Probation Office will prepare the defendant's pre-sentence report in which it will include a recommended calculation of the defendant's sentence range under the U.S.S.G. Both the United States and the defendant will have the opportunity to argue in support of or in opposition to the guideline sentence range

U.S. v. Allysia Sanh Thampithak
3:20-mj-00374-DMS                                    Page 16 of 25

calculation the U.S.P.O. recommends, as well as present evidence in support of their respective sentencing arguments.

The United States agrees to recommend a sentence at the low end of the advisory guideline range as calculated and adopted by the court at sentencing, including a two-level variance pursuant to the current District COVID pandemic plea agreement policy if the Defendant is sentenced within the applicable timeframe. The parties are free to recommend to the Court their respective positions on the appropriate sentence to be imposed in this case based on the stipulated facts set forth in Section II.C, any additional facts established at the imposition of sentence hearing, the applicable statutory penalty sections, the advisory U.S.S.G., and the sentencing factors set forth in 18 U.S.C. § 3553.

## IV.    ADDITIONAL AGREEMENTS BY UNITED STATES

In exchange for the defendant's guilty plea and the Court's acceptance of the defendant's plea and the terms of this agreement, the United States agrees that it will not prosecute the defendant further for any other offense – now known – arising out of the subject of the investigation related to the charges brought in the Information in this case and the defendant's admissions set forth in Section II.C.

Provided, however, if the defendant's guilty plea or sentence is/are rejected, withdrawn, vacated, reversed, set aside, or modified, at any time, in any proceeding, for any reason, the United States will be free to prosecute the defendant on all charges arising out of the investigation of this case including any charges dismissed pursuant to the terms of this agreement, which charges will be automatically reinstated as well as for perjury

U.S. v. Allysia Sanh Thampithak
3:20-mj-00374-DMS                                      Page 17 of 25
Case 3:20-cr-00091-SLG   Document 20   Filed 09/29/20   Page 17 of 25

and false statements. The defendant hereby agrees that he/she waives any defense that the statute of limitations bars the prosecution of such a reinstated charge.

## V.  WAIVER OF TRIAL RIGHTS, APPELLATE RIGHTS, COLLATERAL ATTACK RIGHTS, CLAIM FOR ATTORNEY FEES AND COSTS, AND RULE 410

### A.  Trial Rights

Being aware of the following, the defendant waives these trial rights:

– If pleading to an Information, the right to have the charges presented to the grand jury prior to entering the guilty plea;

– The right to a speedy and public trial by jury on the factual issues establishing guilt or any fact affecting the mandatory minimum and statutory penalties, and any issue affecting any interest in any assets subject to forfeiture;

– The right to object to the composition of the grand or trial jury;

– The right to plead not guilty or to persist in that plea if it has already been made;

– The right to be presumed innocent and not to suffer any criminal penalty unless and until the defendant's guilt is established beyond a reasonable doubt;

– The right to be represented by counsel at trial and if necessary to have a counsel appointed at public expense to represent the defendant at trial – the defendant is not waiving the right to have counsel continue to represent the defendant during the sentencing phase of this case;

U.S. v. Allysia Sanh Thampithak
3:20-mj-00374-DMS                          Page 18 of 25
Case 3:20-cr-00091-SLG   Document 20   Filed 09/29/20   Page 18 of 25

- The right to confront and cross examine witnesses against the defendant, and the right to subpoena witnesses to appear in the defendant's behalf;

- The right to remain silent at trial, with such silence not to be used against the defendant, and the right to testify in the defendant's own behalf; and

- The right to contest the validity of any searches conducted on the defendant's property or person.

## B. Appellate Rights

The defendant waives the right to appeal the conviction(s) resulting from the entry of guilty plea(s) to the charges set forth in this agreement. The defendant further agrees that if the Court imposes a sentence that does not exceed the statutory maximum penalties – as set forth in Section II.D above in this agreement, the defendant waives without exception the right to appeal on all grounds contained in 18 U.S.C. § 3742 the sentence the Court imposes. The defendant understands that this waiver includes, but is not limited to, forfeiture (if applicable), terms or conditions of probation (if applicable) or supervised release, any fines or restitution, and any and all constitutional (or legal) challenges to defendant's conviction(s) and guilty plea[s], including arguments that the statute(s) to which defendant is pleading guilty (is/are) unconstitutional, and any and all claims that the statement of facts provided herein is insufficient to support defendant's plea[s] of guilty.

The defendant agrees that the appellate and collateral attack waivers contained within this agreement will apply to any 18 U.S.C. § 3582(c) modifications, as well as the district court's decision to deny any such modification.

Should the defendant file a notice of appeal in violation of this agreement, it will constitute a material breach of the agreement. The government is free to reinstate any dismissed charges, and withdraw any motions for downward departures, or sentences below the mandatory minimum made pursuant to 18 U.S.C. § 3553(e).

### C.    Collateral Attack Rights

The defendant agrees to waive all rights to collaterally attack the resulting conviction(s) and/or sentence – including forfeiture (if applicable) or terms or conditions of probation (if applicable) or supervised release, and any fines or restitution – the Court imposes. The only exceptions to this collateral attack waiver are as follows: 1) any challenge to the conviction or sentence alleging ineffective assistance of counsel – based on information not now known to the defendant and which, in the exercise of reasonable diligence, could not be known by the defendant at the time the Court imposes sentence; and 2) a challenge to the voluntariness of the defendant's guilty plea(s).

### D.    Claim for Attorney Fees and Costs

Because this is a negotiated resolution of the case, the parties waive any claim for the award of attorney fees and costs from the other party.

### E.    Evidence Rule 410 and Fed. R. Crim. P. 11(f)

By signing this agreement, the defendant admits the truth of the facts in the Factual Basis portion of this agreement set forth in Section II.C. The defendant agrees

U.S. v. Allysia Sanh Thampithak
3:20-mj-00374-DMS                    Page 20 of 25
Case 3:20-cr-00091-SLG    Document 20    Filed 09/29/20    Page 20 of 25

that the statements made by him in signing this agreement shall be deemed usable and admissible against the defendant as stipulations in any hearing, trial or sentencing that may follow. The foregoing provision acts as a modification, and express waiver, of Federal Rule of Evidence 410 and Federal Rule of Criminal Procedure 11(f), and is effective upon the defendant's in-court admission to the factual basis supporting the plea(s). This provision applies regardless of whether the court accepts this plea agreement.

### F. Potential Plea before Magistrate Judge

The defendant has the right to enter a plea before a United States District Court Judge. The Defendant, defense counsel, and the attorney for the Government consent to have the Defendant's plea(s) taken by a United States Magistrate Judge pursuant to Fed. R. Cr. P. 11 and 59. The parties understand that if the Magistrate Judge recommends that the plea(s) of guilty be accepted, a pre-sentence investigation report will be ordered pursuant to Fed. R. Crim. P. 32. The parties agree to file objections to the Magistrate Judge's Report and Recommendation within seven calendar days, thereby shortening the time for objections set forth in Fed. R. Crim. P. 59. The District Court Judge will decide whether to accept this plea agreement at the time it imposes sentence in the case. The defendant agrees that if the defendant is pleading guilty to an offense described in Title 18, United States Code, Section 3142(f)(1)(A), (B), or (C) (involving a crime of violence, a crime punishable by a maximum sentence of life or death, or a Title 21 controlled substance offense for which the maximum sentence is ten years or more), that the defendant will remand into custody on the day that he/she agrees in court to the factual

U.S. v. Allysia Sanh Thampithak
3:20-mj-00374-DMS                    Page 21 of 25
Case 3:20-cr-00091-SLG   Document 20   Filed 09/29/20   Page 21 of 25

basis supporting the plea. The defendant further agrees not to seek release at any time between the date of the guilty plea before the Magistrate Judge and the date of imposition of sentence before the District Court Judge.

### G. Right to be Present at Plea and Sentencing

The defendant acknowledges that he has the right to be present in court to plead guilty and be sentenced. However, the defendant understands that the chief judge has found that guilty pleas and sentencings cannot be conducted in person without seriously jeopardizing public health and safety. The defendant agrees that there are specific reasons that the plea and sentencing cannot be further delayed without serious harm to the interests of justice, to include the fact that an accumulation of open cases in the District of Alaska would affect the court's system's ability to comply with speedy trial rights of both the United States and defendants in criminal cases. Therefore, after consultation with counsel, the defendant agrees to be sentenced by video conference, or telephone conference if video conferencing is not available, pursuant to § 15002(b) of the CARES Act. The defendant understands that if he/she breaches this agreement to promptly plead and be sentenced, the United States is not obligated to recommend the sentencing variances set forth above, and that the defendant will not be allowed to withdraw from this agreement or his/her guilty plea.

## VI. ADEQUACY OF THE AGREEMENT

Pursuant to Local Criminal Rule 11.2(d)(7) and (8), this plea agreement is appropriate in that it conforms with the sentencing goals that would otherwise be

U.S. v. Allysia Sanh Thampithak
3:20-mj-00374-DMS Page 22 of 25
Case 3:20-cr-00091-SLG Document 20 Filed 09/29/20 Page 22 of 25

applicable to the defendant's case if the defendant had gone to trial and had been convicted on all counts in the charging instrument.

## VII. THE DEFENDANT'S ACCEPTANCE OF THE TERMS OF THIS PLEA AGREEMENT

I, Allysia Sanh Thampithak, the defendant, affirm this document contains all of the agreements made between me – with the assistance of my attorney – and the United States regarding my plea. There are no other promises, assurances, or agreements the United States has made or entered into with me that have affected my decision to enter any plea of guilty or to enter into this agreement. If there are any additional promises, assurances, or agreements, United States and I will jointly inform the Court in writing before I enter my guilty plea.

I understand that no one, including my attorney, can guarantee the outcome of my case or what sentence the Court may impose if I plead guilty. If anyone, including my attorney, has done or said anything other than what is contained in this agreement, I will inform the Court when I stand before it to enter my plea.

I enter into this agreement understanding and agreeing that the conditions set forth herein are obligatory and material to this agreement and that any failure on my part to fulfill these obligations will constitute a material breach of this agreement. If I breach this agreement, I agree the United States, in its sole discretion, may withdraw from this agreement and may reinstate prosecution against me on any charges arising out of the investigation in this matter. If my compliance with the terms of this plea agreement becomes an issue, at an appropriate hearing, during which I agree any of my disclosures

will be admissible, the Court will determine whether or not I have violated the terms of this agreement. I understand the government's burden to prove a breach will be by a preponderance of the evidence.

I understand the Court will ask me under an oath to answer questions about the offense to which I am pleading guilty and my understanding of this plea agreement. I understand that I may be prosecuted if I make false statements or give false answers and may suffer other consequences set forth in this agreement.

I have read this plea agreement carefully and understand it thoroughly. I know of no reason why the Court should find me incompetent to enter into this agreement or to enter my plea. I enter into this agreement knowingly and voluntarily. I understand that anything that I discuss with my attorney is privileged and confidential, and cannot be revealed without my permission. Knowing this, I agree that this document will be filed with the Court.

I am fully satisfied with the representation given me by my attorney and am prepared to repeat this statement at the time I stand before the Court and enter my guilty plea. My attorney and I have discussed all possible defenses to the charge to which I am pleading guilty. My attorney has investigated my case and followed up on any information and issues I have raised to my satisfaction. My attorney has taken the time to fully explain the legal and factual issues involved in my case to my satisfaction. We have discussed the statute applicable to my offense and sentence as well as the possible effect the U.S.S.G. may have on my sentence.

U.S. v. Allysia Sanh Thampithak
3:20-mj-00374-DMS                    Page 24 of 25
Case 3:20-cr-00091-SLG   Document 20   Filed 09/29/20   Page 24 of 25

Based on my complete understanding of this plea agreement, I therefore admit that I am guilty of Count 1 - Aiding or Advising False Income Tax Return, in violation of 26 U.S.C. § 7206(2) of the Information.

DATED: _____9/29/2020_____

_____
ALLYSIA SANH THAMPITHAK
Defendant

As counsel for the defendant, I have conveyed all formal plea offers. I have discussed the terms of this plea agreement with the defendant, have fully explained the charge(s) to which the defendant is pleading guilty, the necessary elements thereto, all possible defenses, and the consequences of a guilty plea to a felony. Based on these discussions, I have no reason to doubt that the defendant is knowingly and voluntarily entering into this agreement and entering a plea of guilty. I know of no reason to question the defendant's competence to make these decisions. If, prior to the imposition of sentence, I become aware of any reason to question the defendant's competency to enter into this plea agreement or to enter a plea of guilty, I will immediately inform the court.

DATED: _____09/29/2020_____

_____
ASSISTANT FEDERAL DEFENDER
SAMUEL EILERS
Attorney for Allysia Sanh Thampithak

On behalf of the United States, the following accepts the defendant's offer to plead guilty under the terms of this plea agreement.

DATED: _____9/29/20_____

_____
BRYAN SCHRODER
United States of America
United States Attorney

U.S. v. Allysia Sanh Thampithak
3:20-mj-00374-DMS        Page 25 of 25